UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEKSANDRE GRDZELIDZE,<br><br>                           Petitioner,<br><br>-against-<br><br>FRANCIS LADEON, *Field Office Director New York City Field Office, U.S. Immigration and Customs Enforcement*; TODD M. LYONS, *Acting Director, U.S. Immigration and Customs Enforcement*; and KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*,<br><br>                           Respondents. | Case No. 1:26-cv-00692 (JLR)<br><br>**MEMORANDUM OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Petitioner Aleksandre Grdzelidze ("Grdzelidze" or "Petitioner") petitions, through counsel, for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the lawfulness of his detention by U.S. Immigration and Customs Enforcement ("ICE") agents and seeking, *inter alia*, his release from ICE custody. *See generally* Dkt. 1 ("Petition" or "Pet."). For the reasons below, his Petition is GRANTED.

## BACKGROUND

Grdzelidze is a citizen of Georgia who first entered the United States on or about December 30, 2023. *Id.* ¶ 1. He was arrested shortly after entry and detained under 8 U.S.C. § 1226(a). *See id.* ¶ 11. He subsequently received a Notice to Appear and was released on his own recognizance, again pursuant to 8 U.S.C. § 1226(a). *See id.*; *see also* Dkt. 1-1 ("Notice to Appear"); Dkt. 1-3 ("Order of Release on Recognizance"). During the two years that followed, Grdzelidze has resided in the United States, applied for asylum, maintained a clean criminal record, and attended all scheduled immigration check-ins — including a check-in on January 27,

2026.  Pet. ¶¶ 11, 16-17; *see also* Dkt. 1-4 ("I-589 Receipt"); Dkt. 5-1 ("Form I-213") at 3 (identifying "no known criminal history in the United States").  Upon appearing for his scheduled check-in, Grdzelidze was detained by ICE officers.  Pet. ¶ 18.  The officers did not conduct any individualized assessment of Grdzelidze's flight risk or dangerousness, and Grdzelidze was given no notice that he would be arrested that day.  *Id.* ¶¶ 19-20; *see also* 8 C.F.R. § 236.1(c)(8).

Grdzelidze filed his Petition on January 27, 2026, the same day he was taken into immigration custody at 26 Federal Plaza, New York, New York.  *See* Pet. ¶ 2.  He seeks an order compelling his immediate release or, in the alternative, a bond hearing.  *Id.* at 6.  Upon receipt of Grdzelidze's Petition, the Court directed Respondents to clarify "whether there is any basis to distinguish this case from *Villegas ex rel. Guzman Andujar v. Francis*, No. 1:25-cv-09199 (JLR), 2025 WL 3215597 (S.D.N.Y. Nov. 18, 2025)," a prior decision of this Court regarding mandatory versus discretionary detention.  Dkt. 3 at 1.  Respondents timely submitted a letter response conceding that "[t]he instant case is not materially distinguishable from the facts and legal issues presented in the Court's decision in *Andujar v. Francis*."  Dkt. 5 ("Letter") at 2.  The Government reserved its right to appeal but otherwise agreed that the Court could "decide this matter without further briefing."  *Id.*  Given Respondents' concession, the February 13, 2026 hearing for this matter is canceled, and Grdzelidze's Petition is GRANTED.

## DISCUSSION

This Court decided the legal issues raised here in *Guzman Andujar v. Francis*, No. 25-cv-09199 (JLR), 2025 WL 3215597 (S.D.N.Y. Nov. 18, 2025).  Respondents agree that "the facts in this case are not materially distinguishable from those in *Andujar*," and "acknowledge[] that the *Andujar* decision would control the result in this case if the Court adheres to its prior decision."  Letter at 2.  The Court does so and finds that Grdzelidze was not subject to mandatory detention

2

as a noncitizen "seeking admission" to the United States under 8 U.S.C. § 1225(b)(2)(A), but instead may be subject only to detention on a discretionary basis pursuant to 8 U.S.C. § 1226(a). *See Guzman Andujar*, 2025 WL 3215597, at *2-4; *see also Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483-91 (S.D.N.Y. 2025).

As in *Guzman Andujar*, "there is no record evidence that any kind of individualized determination [of flight risk or dangerousness] was made as to" Grdzelidze. *Guzman Andujar*, 2025 WL 3215597, at *7. For the same reasons, the Court holds that Grdzelidze's January 27, 2026 re-arrest and detention violated his due process rights. *See id.* at *6-7. He is therefore entitled to immediate relief, and his Petition is granted. *See id.* at *8.

## CONCLUSION

The petition for a writ of habeas corpus is GRANTED. Respondents are ORDERED to release Grdzelidze from custody by **February 2, 2026, at 5:00 p.m.** and certify compliance with the Court's order by filing an entry on the docket no later than **February 3, 2026, at 12:00 p.m.**

The Clerk of Court is respectfully directed to close this case.

Dated: February 2, 2026
New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge