LAURA TAYLOR SWAIN
CHIEF JUDGE

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET, NEW YORK, NY 10007
300 QUARROPAS STREET, WHITE PLAINS, NY 10601
www.nysd.uscourts.gov

TAMMI HELLWIG
CLERK OF COURT



# Electronic Case Filing Rules

## Effective February 2, 2026

Cited in Grdzerdya L Larson 1/28/26
26cv00692 Decision on 2/4/26
This document is archived on 2/4/26
Further reproduction is protected by copyright.
Further reproduction is prohibited without permission.

SDNY ELECTRONIC CASE FILING RULES

| Section | Table of Contents | Page |
|---------|-------------------|------|
| Introduction | | 3 |
| What's New | | 4 |
| 1. | Scope of Electronic Case Filing | 5 |
| 2. | Eligibility and Registration | 6 |
| 3. | Consequences of Electronic Filing | 7 |
| 4. | Entry of Court Orders | 7 |
| 5. | Attachments and Exhibits | 8 |
| 6. | Sealed Filing | 8 |
| 7. | Retention Requirements | 13 |
| 8. | Signatures | 13 |
| 9. | Service of Documents by Electronic Means | 14 |
| 10. | Notice of Court Orders and Judgments | 14 |
| 11. | Technical Failures | 14 |
| 12. | Public Access | 15 |
| 13. | ECF Basics | 15 |
| 14. | Opening a Civil Action | 22 |
| 15. | Amended Pleadings and Motions | 25 |
| 16. | Judgments | 25 |
| 17. | Appeals | 27 |
| 18. | Non-Electronic Documents | 28 |
| 19. | Service of Electronically Filed Documents | 28 |
| 20. | Attorney Appearances | 30 |
| 21. | Privacy and Public Access to ECF Cases | 32 |
| 22. | Electronic (ECF) Filing Privileges | 34 |
| 23. | ECF Computer System Information | 34 |
| 24. | ECF Help Desk and Training | 35 |
| Appendix | | 37 |

Cited in Grdzelidze v. Ladison, 1:26cv00692, Decided 1/28/26. Archived on 2/4/26. This document is protected by copyright. Further reproduction is prohibited without permission.

Effective February 2, 2026

SDNY ELECTRONIC CASE FILING RULES

# Introduction

All new civil and criminal cases filed in this Court after December 2, 2003, are assigned to the court's Electronic Case Filing (ECF) system.    With certain limited exceptions outlined below, documents must be electronically filed. The information in this document applies only to cases assigned to the ECF system.

See section 2, Eligibility and Registration, below for information regarding obtaining permission to electronically file in this court.

Please reference any addenda to these Rules for interim updates.

The following should be observed when filing electronically:

- The Federal Rules of Civil and Criminal Procedure,

- The Court's Local Rules,

- The assigned judge's Individual Practices, and

- The Court's Electronic Case Filing Rules.

The Court is prepared to assist you in filing electronically in the following manner:

- The SDNY Electronic Case Filing Rules are your guide to electronic filing.

- Training in Electronic Case Filing (ECF) is available both in person at the courthouse and on-line at https://www.nysd.uscourts.gov/electronic-case-filing     (*See also section 24 - ECF Help Desk and Training*).

# What's New

*The most significant amendments concern sealed filings (section 6), and applications for emergency relief (Rule 13.19).    Additional changes were made for stylistic and formatting purposes.    The amended Rules include, but are not limited to:*

**6.4    Must all Motions/Letter Motions to Seal or Redact be electronically filed in ECF?**

Revised to clarify sealed filing through ECF is only permitted in civil and miscellaneous cases.

**6.7    How is service of sealed documents accomplished?**

New rule 6.6 has been added to note the need to serve sealed filings outside the ECF system.

**6.9    What are Viewing Levels, and how can I limit access to a proposed sealed document filed on ECF?**

Deleted, as the ability to select a viewing level and a corresponding level of remote access is no longer available in ECF.    Sealed filings on ECF are now viewable only by court users.

**6.14    How do I electronically file a new civil case under seal?**

Edited to separate information regarding filing of a redacted complaint in an otherwise publicly accessible case into a new Rule 6.15.

**13.1    May letters be filed electronically?**

Revised to remove "Motion to Change Attorney Name on Roll."    This SDNY filing event is no longer necessary as name change requests are now processed through PACER.

**13.3    How are exhibits filed?**

Revised to clarify audio and video files may not be filed through ECF.

**13.19    How do I file an application for emergency relief?**

Revised to clarify procedures for filing an application for emergency relief and note the importance of contacting the Part 1 Judge regarding an emergency application filed after hours.

**14.9    Am I required to deliver other documents to my adversary?**

Deleted, as plaintiffs are no longer required to deliver a copy of the assigned judge's individual practices when serving a summons and complaint, due to the availability of [Individual Practices](#) on-line.

**20.3    How do I file a Notice of Appearance in an ECF case?**

Revised to add a reference to the new Pro Bono Notice of Appearance filing event.

**20.11    Where can I learn more about resignation from the S.D.N.Y. bar?**

New Rule 20.11 has been added to alert filers to the process for filing a letter of resignation through the ECF system.

**23.4    Is there a limit to the size of a document that can be filed on ECF?**

Revised to reflect an increase in the permissible size of an individual PDF to 15 mb.

Change v. Gridzelidze_Lawson
1-26cv-00692 Decided 2/4/26
Archived on 2/4/26
Further reproduction is prohibited without permission.
This document is protected by copyright law.

# Electronic Case Filing Rules

The Court will accept for filing documents submitted, signed, or verified by electronic means that comply with the following rules.

## Section 1. Scope of Electronic Filing

**1.1**    Except as expressly provided and in exceptional circumstances preventing a party from filing electronically, all documents required to be filed with the Court must be filed electronically.    Any party unable to comply with this requirement must seek permission of the Court to file in the traditional manner, on paper.    Any such application made after regular business hours may be submitted through the night depository box maintained pursuant to Local Civil Rule 1.2.

*Pro se* parties without electronic filing privileges (see Rule 2.2 below) may file documents via email subject to the procedures, limitations and payment guidelines set out in Appendix C below.

*Pro se* parties without electronic filing privileges may also submit documents in the traditional manner, on paper, by delivering documents in-person, by regular mail, or after regular business hours through the night depository box located in the lobby of the U.S. Courthouse at 500 Pearl Street, New York, NY.    Documents submitted by *pro se* parties in paper form may be scanned and docketed by the Clerk's Office into the ECF system.

**1.2**    In civil and miscellaneous cases the filing of the initial papers, including complaints, notices, petitions, etc., the payment of any applicable fees and the request for and issuance of summonses will be accomplished electronically.    (*See section 14 - Opening a Civil Action*).

**1.3**    Unless limited by their terms to civil cases, the provisions of these procedures relating to electronic filing apply in miscellaneous and criminal cases.

**1.4**    In a criminal case the indictment or information, including any superseders, shall be filed and given to the defendant in the traditional manner, on paper in accordance with the Federal Rules of Criminal Procedure and applicable Local Rules rather than electronically; in addition, service of subpoenas shall be made in the traditional manner on paper in accordance with the Federal Rules of Criminal Procedure and applicable Local Rules.    After a criminal case has been opened, counseled parties must promptly provide the Clerk of Court with electronic copies in PDF-A format of all documents previously provided in paper form.    All subsequent documents must be electronically filed except as provided in these ECF Rules or as ordered by the Court.

**1.5**    The Clerk of Court shall write and revise as necessary Rules to guide Filing Users and maximize the efficiency of the Electronic Case Filing system.

SDNY ELECTRONIC CASE FILING RULES

## Section 2. Eligibility and Registration

**2.1**     Attorneys admitted to the bar of this Court, including those admitted *pro hac vice* and attorneys authorized to represent the United States, are required to register as Filing Users of the Court's ECF system. Unless excused by the Court, attorneys not already Filing Users appearing in cases must register as Filing Users.     Registration is accomplished through the Public Access to Court Electronic Records (PACER) system.     Registration is in a form prescribed by the Clerk and requires the Filing User's name, address, telephone number, Internet e-mail address and a declaration that the attorney is admitted to the bar of this Court or authorized to represent the United States or admitted *pro hac vice*.     See the ECF page at https://www.nysd.uscourts.gov/attorney-registration for details.

**2.2**     (a) The Court may permit or require a *pro se* party to a pending civil action to register as a Filing User in the ECF system solely for purposes of that action. Registration is in a form prescribed by the Clerk and requires identification of the action as well as the name, address, telephone number and Internet e-mail address of the party. A sample Motion for Permission for Electronic Case Filing is available here.     The Court may require the party to attend in-person training for Electronic Case Filing as a condition of registering as a Filing User.     If, during the course of the proceeding, the party retains an attorney who appears on the party's behalf the attorney must advise the Clerk to terminate the party's registration as a Filing User upon the attorney's appearance.

     (b) A *pro se* party who is not incarcerated may consent to be a Receiving User (one who receives notices of court filings by e-mail instead of by regular mail, but who cannot file electronically).     A sample *Pro Se (Non-prisoner) Consent & Registration Form to Receive Documents Electronically is available here*.

**2.3**     Filing Users agree to protect the security of their passwords and immediately notify the Clerk and PACER if they learn that their password has been compromised.

**2.4**     In a civil action the Clerk will transmit Notices of Electronic Filing (NEF) to:

(a) the attorney who electronically filed the case initiating document;
(b) each attorney identified on the Civil Cover Sheet or case initiating document in cases opened on the ECF system by the Clerk;
(c) each additional attorney who subsequently appears in the action and electronically files a Notice of Appearance;
(d) any *pro se* party who has received permission from the Court to register as a Filing User; and
(e) any *pro se* party who has registered as a Receiving User.

In a criminal case the Clerk will enter, as Filing Users to whom Notices of Electronic Filing will be transmitted and who will be granted access to electronically file and retrieve documents in the case, the attorney(s) for the United States identified on the Criminal Designation Form or subsequently identified as representing the United States in the case and each attorney electronically filing a Notice of Appearance on behalf of a defendant.

**2.5**     An attorney of record may, by written request to the judge, have transmission of Notices of Electronic Filing (NEF) to another attorney in his or her firm terminated.     Please review the judge's Individual Practices.     (*See section 22 - ECF Passwords*).

SDNY ELECTRONIC CASE FILING RULES

### Section 3. Consequences of Electronic Filing

**3.1**      Except as otherwise provided in section 4 herein, electronic filing of a document in the ECF system consistent with these procedures, together with the transmission of a Notice of Electronic Filing (NEF) from the Court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the Local Rules of this Court and constitutes entry of the document on the docket kept by the Clerk under Federal Rules of Civil Procedure 58 and 79 and Federal Rules of Criminal Procedure 49 and 55.

**3.2**      When a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court (subject to the exception set out in section 4 below), and the filing party is bound by the document as filed.    Except in the case of documents first filed in paper form and subsequently submitted electronically under section 1, a document filed electronically is deemed filed on the date and time stated on the Notice of Electronic Filing (NEF) from the Court.    For *pro se* litigants, paper documents filed with the Court, and subsequently scanned and docketed to the ECF system, shall be deemed filed on the date the documents are received by the Court.    Paper documents scanned and docketed to the ECF system by the court are subject to disposal.

**3.3**      Electronic filing must be completed before midnight local time where the Court is located in order to be considered timely filed that day.

**3.4**      Judges' Individual Practices should continue to be followed with respect to delivery of courtesy copies.   (*See section 19 - Service of Electronically Filed Documents*).

### Section 4. Entry of Court Orders

**4.1**      All orders, decrees, judgments and proceedings of the Court will be filed in accordance with these procedures and entered on the docket kept by the Clerk under Federal Rules of Civil Procedure 58 and 79 and Federal Rules of Criminal Procedure 49 and 55.    Orders of the Court may appear solely in electronic form. Documents may be signed by a judge using an electronic signature or may be scanned so as to contain an image of the judge's signature.

**4.2**      A Filing User submitting a document electronically that requires a judge's signature must promptly deliver the document in such other form, if any, as the Court requires.    (*See section 18 - Non-Electronic Documents*).

**4.3**      All Filing and Receiving Users have an obligation to review the Court's actual order, decree, or judgment, as available on ECF, and should not rely on the description of such order, decree or judgment in the Notice of Electronic Filing (NEF) alone.    In the case of any discrepancy between an order, decree, or judgment of the Court and the description of such order, decree, or judgment in the NEF, the order, decree, or judgment of the Court shall control.

SDNY ELECTRONIC CASE FILING RULES

## Section 5. Attachments and Exhibits

**5.1**    Filing Users must submit all documents referenced as exhibits or attachments in electronic form, unless the Court permits paper filing.    Each document filed as an exhibit must be filed as a separately numbered attachment to the main document and must be clearly titled with an objective description of the document (e.g., 6/14/19 Deposition of John Doe; 10/14/21 Letter from Smith to Jones; 3/15/20-3/23/20 Email Thread between Doe and Roe) so that the nature of the exhibit and its relevance are clearly discernible without the need to open the file.    The filing of exhibits in text searchable format is encouraged but not required.

**5.2**    A Filing User must submit as exhibits or attachments only those excerpts of the referenced documents that are relevant to the matter under consideration by the Court.    Excerpted material must be clearly and prominently identified as such.    Filing Users who file excerpts of documents as exhibits or attachments under this procedure do so without prejudice to their right to file timely additional excerpts or the complete document.    Responding parties may file timely additional excerpts that they believe are relevant or the complete document.    A party may move before the Court for permission to serve and file in hard copy documents that cannot be reasonably scanned.

**5.3**    In cases where the record of an administrative or other prior proceeding must be filed with the Court, such record may be served and filed in hard copy without prior motion and order of the Court.    (*See section 15 – Amended Pleadings and Motions*).

## Section 6.    Filing Under Seal and Redactions

### 6.1    Do I need permission to file under seal or redact?

Yes.    Documents may not be placed under seal or redacted without leave of the Court.    A filing under seal must be preceded by either a Motion to Seal, a Letter Motion to Seal or an Order of the Court permitting filing under seal.    (A Motion to Seal is not required for information redacted in accordance with Federal Rule of Civil Procedure 5.2, and Federal Rule of Criminal Procedure 49.1.)

### 6.2    Is electronic filing under seal in ECF permitted in publicly accessible civil and miscellaneous cases?

Yes.    Electronic filing under seal is permitted in publicly accessible civil and miscellaneous cases.

### 6.3    Is electronic filing under seal in ECF permitted in publicly accessible criminal cases?

No.    Sealed filing in criminal cases must be accomplished in the traditional manner, in paper form, in accordance with the court's Non-Electronic Sealed Filing Instructions found under the Cases menu option on the court's website.    Electronic filing under seal in magistrate cases is limited by the terms found in Appendix B.

SDNY ELECTRONIC CASE FILING RULES

**6.4    Must all Motions/Letter Motions to Seal or Redact in civil and miscellaneous cases be electronically filed in ECF?**

Yes.    Motions to Seal and Letter Motions to Seal/Redact in civil and miscellaneous cases must be electronically filed through ECF.

**6.5    Must all proposed sealed documents in civil and miscellaneous cases be electronically filed in ECF?**

Consult the judge's Individual Practices to determine if, in addition to the motion, the proposed sealed document must also be electronically filed on the ECF system.    Where the Individual Practices do not expressly permit the electronic filing under seal of the proposed sealed document, or are silent on the subject, the proposed sealed document must be submitted in the traditional manner, on paper.

**6.6    In brief, how do I electronically file a Motion to Seal or Redact in civil and miscellaneous cases?**

(a)  Electronically file a Motion or Letter Motion to Seal in public view on the court's ECF system.
(b)  Electronically file any Affidavit or Declaration in Support of Motion in public view and electronically relate it to the motion.    (For information on redacting supporting documents see below.)
(c)  Electronically file the proposed sealed document under seal and electronically relate it to the motion.
(d)  If necessary, serve the filing on opposing counsel outside of the ECF system by other appropriate means as provided by the applicable Federal Rules of Procedure.    Then file proof of service in the ECF system.

**6.7    How is service accomplished for sealed documents?**

Sealed documents filed electronically through the ECF system will not be accessible or viewable through the ECF or PACER systems by non-court users.    Service must therefore be accomplished outside of ECF by other appropriate means as provided by the applicable Federal Rules of Procedure.    Service of filed documents outside the ECF system must always be followed by the filing of proof of service in the ECF system.    Sealed court orders will be served by first-class mail or other secure means approved by the issuing judge.

**6.8    Will sealed documents be accessible by non-court users?**

No.    Sealed documents filed electronically will not be accessible or viewable through the ECF or PACER systems by non-court users, including the filing party and other case participants.

**6.9    How do I electronically file documents in support of a Motion to Seal or Redact in civil and miscellaneous cases?**

Documents filed in support of a Motion to Seal or Redact must be filed separately from the motion, not as attachments to the motion, and each must be electronically related to the motion.    Supporting papers may be filed under seal or redacted only to the extent necessary to safeguard information sought to be filed under seal (see 6.8).

SDNY ELECTRONIC CASE FILING RULES

**6.10    How do I electronically file a proposed sealed document?**

Contemporaneously with the filing of the Motion to Seal/Letter Motion to Seal, the proposed sealed document must be separately filed, and it must be electronically related to the motion.

**6.11    How do I electronically file a redacted document?**

It is not possible to file both publicly and under seal in a single docket entry.    You must therefore file the entire document, including exhibits, twice: once publicly in redacted form; and again, as a proposed sealed document in un-redacted form, with the redactions highlighted.    Both documents must be electronically related to the motion.    In the publicly accessible entry, use the word "Redacted" in the title of the document and in the summary docket text.    If an entire exhibit is confidential, substitute a page in the publicly accessible entry noting the exhibit is filed under seal (a/k/a placeholder or slip sheet).    Caution should be exercised when redacting electronically to ensure redacted text is fully masked.    Not all forms of electronic redaction are fully effective.

**6.12    When electronically filing under seal, what will be visible to the public?**

The motion and supporting papers must be filed in public view.    Each will be visible to the public and should not include confidential information sought to be filed under seal.    Summary docket text on the ECF Docket Report is always visible to the public and should never include confidential information sought to be filed under seal.

**6.13    How do I electronically file under seal or redact pursuant to a prior Court order?**

Where a prior order of the Court permits filing your document under seal or in redacted form, and the judge's Individual Practices permit electronic filing under seal, no new motion is necessary.    The document may be electronically filed under seal, and must be electronically related to the order.

**6.14    How do I electronically file a new civil case under seal?**

By first electronically filing a motion to seal in a new miscellaneous case in ECF, then filing the civil case in the traditional manner, in paper form (if your motion is granted).    The miscellaneous case will be available for public inspection – however, the motion (and attached documents) will be automatically filed under seal.    No filing fee is required.

   **Step 1:** When seeking to file a <u>fully sealed case</u>:

   (a)  Electronically open a new miscellaneous case in ECF.    A separate motion to file the application under seal is not required (authority to file under seal is provided by Standing Order (21-MC-13).    Unless ordered unsealed by the court, the application will remain under seal regardless of the court's decision on the motion.
   (b)  Enter "ABC vs. DEF" when prompted for the party names;
   (c)  File the Miscellaneous case initiating document LEAVE TO FILE CASE UNDER SEAL. Include the following as attachments:
   (d)  A Miscellaneous or Civil Cover Sheet with the true party names;
   (e)  Supporting documents, such as an Affidavit in Support and Memo of Law;

SDNY ELECTRONIC CASE FILING RULES

(f)  A proposed sealed Complaint;
(g)  A proposed ORDER TO FILE CIVIL CASE UNDER SEAL (use sample order found in the Appendix);
(h)  Publicly file a Miscellaneous Cover Sheet, select Nature of Case M-98, and enter "ABC vs. DEF" for party names.

**Step 2:** File the Civil Case in Paper Form

(a)  If the Court grants a Motion to file the <u>new civil case fully under seal</u>, it must be filed in the traditional manner, in paper form.
(b)  Include a copy of the sealing order, the sealed complaint, both versions of the Civil Cover Sheet ("ABC vs DEF" and true party names) and all documents saved on electronic media.
(c)  All subsequent filings must be submitted in paper form, until further order of the court.

## 6.15   How do I electronically file a publicly accessible civil case with a redacted complaint?

By first electronically filing a motion to seal in a new miscellaneous case in ECF, then filing the civil case in the traditional manner, in paper form (if your motion is granted).    The miscellaneous case will be available for public inspection – however, the motion (and attached documents) will be automatically filed under seal.    No filing fee is required.

**Step 1:** If seeking only to <u>redact the complaint</u> (or any part of a case initiating document) in an otherwise publicly accessible case:

(a)  Electronically open a new miscellaneous case in ECF.    A separate motion to file the application under seal is not required (authority to file under seal is provided by Standing Order (21-MC-13).    Unless ordered unsealed by the court, the application will remain under seal regardless of the court's decision on the motion.
(b)  Enter lead party name(s) when prompted (if seeking to redact a party name, enter "ABC vs. DEF");
(c)  File the Miscellaneous case initiating document LEAVE TO FILE CASE UNDER SEAL. Include the following as attachments:
  ✓  A Miscellaneous or Civil Cover Sheet with the true party names (select Nature of Case M-98);
  ✓  Supporting documents, such as an Affidavit in Support and Memo of Law;
  ✓  A proposed sealed Complaint in unredacted format for filing under seal;
  ✓  A proposed sealed Complaint in redacted format for public filing;
  ✓  A proposed ORDER TO FILE REDACTED COMPLAINT (use sample order found in the Appendix);
(d)  Publicly file a Miscellaneous Cover Sheet, select Nature of Case M-98, and enter the true party names (if seeking to redact a party name, enter "ABC vs. DEF").

**Step 2:** File the Civil Case in Paper Form

(a)  If the Court grants a Motion to seal or <u>redact only the complaint</u> (or any part of a case initiating document) in an otherwise publicly accessible case, file the new civil case in

Cited in Gvtzelidze v. ___, 26-cv-00692, decided 2/4/26. Archived on 2/4/26. This document is protected by copyright. Further reproduction is prohibited without permission.

the traditional manner, in paper form.

(b) Include: a copy of the sealing order; the unredacted complaint for filing under seal; the redacted complaint for public filing; and a Civil Cover Sheet (If party names are anonymous, also include a Civil Cover Sheet using "ABC vs DEF" for the party names).

(c) Within 24 hours of filing the civil case in paper form, the filer must send PDF-A copies of the case initiating documents by email to the Civil Case Openings Unit at Case_Openings @nysd.uscourts.gov.    Each document must be in a separate PDF-A file no larger than 15.0 megabytes (if necessary, separate large files into smaller parts and label accordingly).    The subject line of the e-mail and the name of the file should list the case number followed by a brief document description (ex. "Re: 01cv1234 JLP-complaint").    Failure to do so within 24 hours will delay adding your documents to the computerized ECF docket.    After the case is opened on the ECF system, subsequent filings may be submitted in electronic form through the court's ECF system.

## 6.16    What if I believe a document cannot or should not be electronically filed on ECF?

Any party that (a) is unable to comply with a judge's requirement for electronic filing under seal through the ECF system; (b) believes a document should be filed under seal in paper form because it is a Highly Sensitive Document (see section 6.16 below); or (c) has another reason to believe a document should not be electronically filed, must move for leave of the Court to file the document in the traditional manner, on paper.    Any such motion should be made to the presiding judge in accordance with his or her Individual Practices or, if there is no presiding judge, to the Part I judge.

If the matter is time sensitive, the filing party should promptly contact the Chambers of the relevant judge by telephone and email to alert Chambers to the motion. If Chambers does not respond within two hours, the filing party should call the Clerk of Court at 212-805-0140 during business hours.

## 6.17    What is a Highly Sensitive Document?

As defined in Standing Order 21-MC-0006, subject to approval by a judge, a filing may be deemed a Highly Sensitive Document (HSD) if these Rules otherwise permit the document to be filed on the ECF system and it is a document or other material that contains sensitive, but unclassified, information that warrants exceptional handling and storage procedures to prevent significant consequences that could result if such information were obtained or disclosed in an unauthorized manner.

## 6.18    When is electronic filing under seal not permitted?

- Electronic filing under seal of proposed sealed documents is not permitted unless authorized by the Individual Practices of the judge to whom the filing is directed.
- Electronic filing under seal is not permitted in criminal cases.
- Electronic filing under seal is not permitted in cases sealed in their entirety.    It is only available to parties seeking to file individually sealed or redacted documents in publicly filed civil and miscellaneous cases.
- Electronic filing under seal is not permitted by pro se parties with electronic filing privileges without express permission of the Court.    This includes pro se parties who have been granted general permission to electronically file documents on ECF.

SDNY ELECTRONIC CASE FILING RULES

Where electronic filing under seal is not permitted, the sealed filing shall be submitted in the traditional manner, on paper.    A copy of the sealing order must be attached to the outside of the envelope containing the documents under seal and all documents saved on electronic media.    The envelope must be hand delivered to the Records Management Office.    For further information see the Court's Non- Electronic Filing Procedures.

### Section 7. Retention Requirements

Documents that are electronically filed and require original signatures other than that of the Filing User must be maintained in paper form by the Filing User until one year after all time periods for appeals expire, except that affidavits, declarations and proofs of service must be maintained in paper form by the Filing User until five years after all time periods for appeals expire.    On request of the Court, the Filing User must provide original documents for review.

### Section 8. Signatures

8.1    The user log-in and password required to submit documents to the ECF system serve as the Filing User's signature on all electronic documents filed with the Court.    They also serve as a signature for purposes of the Federal Rules of Civil Procedure, including Rule 11, the Federal Rules of Criminal Procedure, the Local Rules of this Court, and any other purpose for which a signature is required in connection with proceedings before the Court.

8.2    Electronically filed documents must include a signature block and must set forth the name, address, telephone number and e-mail address all in compliance with the Federal Rules of Civil Procedure and Local Civil Rule 11.1.    In the absence of a scanned signature image, the name of the Filing User under whose log-in and password the document is submitted must be preceded by an "S/" typed in the space where the signature would otherwise appear.

8.3    No Filing User or other person may knowingly permit or cause to permit a Filing User's password to be used by anyone other than an authorized agent of the Filing User.    Filing Users are obligated to immediately bring to the attention of the court any unauthorized filings.

8.4    A document requiring the signature of a party or witness shall be electronically filed in a scanned format that contains an image of the actual signature.

8.5    Documents requiring signatures of more than one party must be electronically filed either by: (a) submitting a scanned document containing all necessary signatures; (b) representing the consent of the other parties on the document; (c) identifying on the document the parties whose signatures are required and by the submission of a notice of endorsement by the other parties no later than three business days after filing; or (d) in any other manner approved by the Court.    (*See section 13 - ECF Basics*).

SDNY ELECTRONIC CASE FILING RULES

## Section 9. Service of Documents by Electronic Means

**9.1**    In cases assigned to the ECF system, service of publicly accessible (non-sealed) documents is complete provided all parties receive a Notice of Electronic Filing (NEF), which is sent automatically by email from the Court (see the NEF for a list of who did/did not receive notice electronically).    Transmission of the NEF constitutes service upon all Filing and Receiving Users who are listed as recipients of notice by electronic mail.    It remains the duty of Filing and Receiving Users to maintain current contact information with the court and PACER and to regularly review the docket sheet of the case.

**9.2**    Attorneys and *pro se* parties who are not Filing or Receiving Users must be served with a paper copy of any electronically filed pleading or other document.    Service of such paper copy must be made according to the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Local Rules.    Such paper service must be documented by electronically filing proof of service.    Where the Clerk scans and electronically files pleadings and documents on behalf of a *pro se* party, the associated NEF constitutes service.

**9.3**    Service of sealed documents is not accomplished by electronically filing in the ECF system. While a NEF will be sent by email notifying users of a sealed filing, the included link will not provide access to the sealed document.    Service must therefore be accomplished outside of ECF by other appropriate means as provided by the applicable Federal Rules of Procedure and must be followed by the filing of proof of service in the ECF system.    (See Standing Order 1:25-mc-00421-LTS.)

## Section 10. Notice of Court Orders and Judgments

Immediately upon the entry of an order or judgment in a proceeding assigned to the ECF system, the Clerk will transmit to all Filing and Receiving Users in the case, in electronic form, a Notice of Electronic Filing (NEF).    Electronic transmission of the NEF constitutes the notice required by Federal Rule of Criminal Procedure 49(c) and Federal Rule of Civil Procedure 77(d).    In ECF cases, it remains the duty of Filing and Receiving Users to regularly review the docket sheet of the case.    The Clerk must give notice in paper form to a person who is not a Filing or Receiving User in accordance with the Federal Rules of Civil Procedure or the Federal Rules of Criminal Procedure.    In the case of any discrepancy between an order, decree, or judgment of the Court and the description of such order, decree, or judgment in the NEF, the order, decree, or judgment of the Court shall control.    Sealed court orders will be served by first-class mail or other secure means approved by the issuing judge.    (*See section 19 - Service of Electronically Filed Documents*).

## Section 11. Technical Failures

A Filing User whose filing is made untimely as the result of a technical failure may seek appropriate relief from the Court.    (*See section 23 - ECF Computer System Information*).

SDNY ELECTRONIC CASE FILING RULES

### Section 12. Public Access

A person may review filings that have not been sealed by the Court, in person, at the Clerk's Office.

A person may also view available Court records on-line through the Public Access to Court Electronic Records (PACER) electronic public access service at https://www.pacer.gov/.   A person who has PACER access may retrieve docket sheets in civil, criminal and miscellaneous cases; documents in civil and miscellaneous cases assigned to the ECF System; and documents in criminal cases filed after November 1, 2004.   Only counsel for the United States and for a defendant may retrieve documents on-line in criminal cases filed prior to November 1, 2004.   (*See section 13 - ECF Basics*).

### Section 13. ECF Basics

**13.1    May letters and letter motions be filed electronically?**

Letters addressed to judges who accept letters may be filed electronically.   Parties should consult the assigned judge's Individual Practices to determine if the judge accepts letters at all and, if he or she does, whether the judge has any page limitations on letters and/or requires courtesy copies of letters filed on ECF (and, if so, by what means of delivery).   All letters addressed to the Court must include a subject line with the case name and docket number (e.g., "Re: *Doe v. Smith*, 13 Civ. 1234 (ABC)").   Letters solely between parties or their counsel or otherwise not addressed to the Court may not be filed electronically on ECF (except as exhibits to an otherwise properly filed document).

In civil and miscellaneous cases, letters filed electronically must be filed in the following manner:

- Letters that are informational in nature, and do not request relief, should be filed using the ECF Filing Event LETTER listed under OTHER DOCUMENTS.

- Letters requesting relief must be permitted by the Local Rules and these Rules and must be filed using the ECF Filing Event MOTION.   After selecting the ECF Filing Event MOTION, the Filing User should identify the motion as a LETTER-MOTION.   The Filing User must then select from the following list of motions that may be made by LETTER-MOTION:

    > Motion to Adjourn Conference
    > Motion to Compel
    > Motion for Conference
    > Motion to Consolidate Cases
    > Motion to Continue
    > Motion re: Discovery
    > Motion to Expedite
    > Motion for Extension of Time
    > Motion for Extension of Time to Amend

SDNY ELECTRONIC CASE FILING RULES

> Motion for Extension of Time to Answer
> Motion for Extension of Time to Complete Discovery
> Motion for Extension of Time to File Document
> Motion for Extension of Time to File Response/Reply
> Motion for Extension of Time re Transcript
> Motion to File Amicus Brief
> Motion for Leave to File Document
> Motion for Leave to File Excess Pages
> Motion for Local Rule 37.2 Conference
> Motion for Oral Argument
> Motion to Reopen
> Motion to Reopen Case
> Motion to Seal
> Motion to Stay
> Motion to Substitute Attorney

- If the Filing User is making a type of motion that does not appear in this list, the motion may not be made by letter.
- If a motion is made by letter, the opposing party may file any response in letter form and the moving party may file any reply in letter form. When filing such a response letter or reply letter, the Filing User should answer yes when prompted if the filing is in connection with a letter-motion.

In criminal cases, letters filed electronically must be filed in the following manner:

- Letters relating to sentencing should be filed using the ECF Filing Event SENTENCING SUBMISSION.
- All other letters requesting relief should be filed using the ECF Filing Event LETTER MOTION. If a motion is made by letter, the opposing party may file any response in letter form and the moving party may file any reply in letter form. When filing such a response letter or reply letter, the Filing User should answer yes when prompted if the filing is in connection with a LETTER MOTION.
- All other letters - that is, letters that are informational in nature and do not request relief - should be filed using the ECF Filing Event LETTER listed under OTHER DOCUMENTS.

## 13.2    In brief, how do I file a document electronically?

(a) On the Internet go to https://www.pacer.gov/ to reach the court's ECF system.
(b) Select the appropriate category, CIVIL or CRIMINAL.
(c) Find the appropriate ECF Filing Event, or title, for the document. Find a list of ECF Filing Events in the ECF Docketing Events List.
(d) Indicate the party filing the document (hold down the control key to designate more than one party).
(e) Upload a PDF-A version of the document. Include any exhibits as attachments to the main document. Separately file supporting documents such as a Memorandum of Law

SDNY ELECTRONIC CASE FILING RULES

(f)  or Affidavit in Support.
(g)  Save the final screen, the Notice of Electronic Filing (NEF).
(h)  Submit a paper courtesy copy to the judge if required (see the judges' Individual Practices at https://nysd.uscourts.gov/judges).

## 13.3     How are exhibits filed?

Exhibits must always be filed as attachments to a document.    Exhibits should not be scanned into the same PDF file with the main document.    Each attachment must be clearly titled in the ECF entry, so the subject of the exhibit is clear.    For example: NOTICE OF REMOVAL (Attachments: #1 State Court Complaint, #2 State Court Summons).    The filing of exhibits in text searchable format is encouraged but not required.    Audio and video files may not be filed through the ECF system.

## 13.4     What is the secure website for electronic filing on the SDNY ECF system?

To file electronically, go to https://www.pacer.gov, or link to the filing website via the Court's website https://www.nysd.uscourts.gov.

## 13.5     What is the public website for information about the Court?

For publicly available information, go to https://www.nysd.uscourts.gov (no password required).    From the homepage click on ECF for information on Electronic Case Filing.

## 13.6     What are the mailing addresses for the Court?

- United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312;
- United States District Court, Southern District of New York, Thurgood Marshall United States Courthouse, 40 Centre Street, New York, NY 10007-1312; and
- United States District Court, Southern District of New York, Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, NY 10601-4150.

## 13.7     How can I tell if my case is an ECF case?

All new civil, criminal and miscellaneous cases are assigned to the ECF system.    The docket sheet will include the letters "ECF" in the upper right corner and an entry titled "CASE DESIGNATED ECF".

## 13.8     If a case is deemed an ECF case, am I required to file documents electronically?

Yes.    In an ECF case the Filing User is responsible for electronically filing documents over the Internet using a secure SDNY log-in and password.    With certain exceptions outlined below, the Clerk's Office will not accept paper filings in an ECF case.    (See *section 18 - Non-Electronic Documents*).

SDNY ELECTRONIC CASE FILING RULES

**13.9    May I file documents electronically in a non-ECF (paper) case?**

No.    Do not file documents electronically in non-ECF (paper) case.

**13.10    Will the Court file documents electronically in a non-ECF (paper) case?**

Yes, the Court may file Orders and Opinions in electronic format in a non-ECF (paper) case.    This will not convert a non-ECF case to an ECF case, and parties should continue to file documents on paper.

**13.11    Can I file electronically at any time?**

Yes. You can file electronically 24 hours a day, 7 days a week, 365 days a year.    Filing must be <u>completed</u> before midnight local time where the Court is located in order to be considered timely filed that day.    (*See section 3 - Consequences of Electronic Case Filing*).

**13.12    When is an electronically filed document deemed filed?**

An electronically filed document is deemed filed on the "filed on" date indicated on the Notice of Electronic Filing (NEF).    (*See section 3 - Consequences of Electronic Case Filing*).

**13.13    What is a docket sheet, and how can I view one?**

The docket sheet is the official record of a case.    You can view the docket sheet, including images of electronically filed documents, at the Clerk's Office or remotely via the Public Access to Court Electronic Records (PACER) electronic public access service (https://www.pacer.gov).    (*See section 12 - Public Access*).

**13.14    Should I routinely view the docket sheet in my case?**

Yes.    In ECF cases parties are alerted to case activity by a Notice of Electronic Filing (NEF) sent by email. However, e-mail is not infallible.    It remains the duty of Filing and Receiving Users to regularly review the docket sheet of the case in order not to miss a filing and in order to ensure all items filed using his/her ECF password are authorized filings.    Filing Users are obligated to immediately bring to the attention of the court any unauthorized filings.    (*See section 9 - Service of Documents by Electronic Means*).

**13.15    How do I sign an electronically filed document?**

The ECF log-in and password of the filing attorney serve as an electronic signature.    The filing attorney may sign a document by placing an "S/" before his or her typed name or by using a digital image of his or her signature.    The attorney's name and contact information, including e-mail address, must appear in the signature block below the signature line.    Signatures for others (clients, witnesses, etc.) must be scanned in order to capture the ink signature.    (*See section 8 - Signatures*).

Found in Gatzelnick v. adot, 1:26-cv-00692, decided on 2/4/26. Archived document as viewed on 2/4/26. This document is not available. Unauthorized reproduction is prohibited by copyright, without permission.

SDNY ELECTRONIC CASE FILING RULES

**13.16    How will I know if it is appropriate to electronically file my document?**

First, determine if your case is an ECF case - not all cases are ECF cases.    When filing in an ECF case, if you can find an ECF Filing Event that directly matches your document then it should be electronically filed.    If you cannot find a matching ECF Filing Event, it may not be appropriate to file electronically.    See the list of non-ECF documents in section 18.    (*See section 24 - ECF Help Desk and Training*).

**13.17    How do I find the correct ECF Filing Event for my document?**

When filing electronically you will be asked to name your document by selecting the appropriate ECF Filing Event.    The ECF Filing Event is essentially the title of the document on the docket sheet, such as Motion for Summary Judgment or Affidavit in Support of Motion.    ECF Filing Events are listed by category on the ECF system.    Within each category is an alphabetical listing of available ECF Filing Events.    You may use the search function to find your Filing Event.    The ECF Docketing Events List is useful for finding your event and the category in which it is listed.    If you cannot find the appropriate event for your document do not file, it using the wrong event.    For assistance contact the ECF Help Desk at helpdesk@nysd.uscourts.gov, or call (212) 805-0136 during business hours.    (*See section 24 - ECF Help Desk and Training*).

**13.18    Are proposed orders, judgments, stipulations and consents electronically filed in civil cases?**

Yes.    In civil cases proposed orders, including orders to show cause with a temporary restraining order or other request for emergency relief, judgments, stipulations and consents must be filed electronically on the court's ECF system using the Filing Events found under PROPOSED ORDERS.    This requirement applies to publicly accessible civil and miscellaneous cases, both pending and newly filed.

Filers are required to use the specific ECF Filing Event that correctly describes the proposed order.

In criminal cases, proposed orders must not be filed electronically but should be submitted to chambers directly, outside of the ECF system.

**13.19    How do I file an application for emergency relief?**

Applicants seeking emergency relief must use the ECF Filing Events titled:

- MOTION TO SHOW CAUSE, with a PROPOSED ORDER TO SHOW CAUSE WITH EMERGENCY RELIEF,
- MOTION FOR TEMPORARY RESTRAINING ORDER with a PROPOSED TEMPORARY RESTRAINING ORDER,
- If appearing as pro bono counsel, select NOTICE OF APPEARANCE OF PRO BONO COUNSEL.

A person wishing to file a proposed Order to Show Cause that provides notice to their adversary and includes a Temporary Restraining Order or other proposed order for emergency relief must:

(a) Electronically file the application through the court's ECF system; then
(b) In a *newly filed case*, telephone the Clerk's Office at (212) 805-0632 during business hours to alert the court to your application; or
(c) In a *pending case*, see the judge's Individual Practices for information regarding how to alert

This document is protected by copyright. Attorneyzelido v Landon 1-26-cv-00692-JLR decided 1/28/26. Any further reproduction is strictly prohibited without permission.

SDNY ELECTRONIC CASE FILING RULES

chambers to your application.    If there has been no response from chambers within two (2) hours, you may telephone the Clerk's Office at (212) 805-0636 before the end of the business day.

For after-hours emergency filings, alert the assigned Part 1 judge to the request for emergency relief, using the Part 1 Assignment contact information on the Court website

Supporting documents must be separately filed, electronically and contemporaneously, through the court's ECF system.    Any opposition must also be filed electronically through the court's ECF system.    (If necessary, see section 6 for information regarding filing under seal.)

If a personal appearance is required by the Court, any order issued in response to such application will detail procedures for such a proceeding.

[Note - a proposed Order to Show Cause without emergency relief must be electronically filed using the ECF Filing Event PROPOSED ORDER TO SHOW CAUSE WITHOUT EMERGENCY RELIEF.]

*Pro se* parties without electronic filing privileges are exempt from the requirement to file electronically through the ECF system.

## 13.20    Are Notices of Voluntary Dismissal and Stipulations of Voluntary Dismissal electronically filed?

Yes.    Those Notices of Voluntary Dismissal that cite Fed. R. Civ. P. § 41(a)(1)(A)(i) and Stipulations of Voluntary Dismissal that cite Fed. R. Civ. P. § 41(a)(1)(A)(ii) must be electronically filed on the ECF system. This procedure applies only when the filing dismisses the entire action and does not request any further relief or order of the court.

If the filing seeks an order of the court pursuant to Fed. R. Civ. P. § 41(a)(2) filers should use the ECF Filing Event PROPOSED ORDER.

## 13.21    Should discovery related requests and responses be electronically filed?

No.    Most discovery related requests and responses "must not be filed until they are used in the proceeding or the court orders filing…" (see Federal Rule of Civil Procedure 5(d)(1)).    When the filing of discovery related material is appropriate only relevant excerpts should be filed (see Local Civil Rule 5.1 and ECF Rule 5.2).

## 13.22    Should I submit courtesy copies?

Read the judge's Individual Practices to learn if courtesy copies are required.    Individual Practices are available on-line at https://www.nysd.uscourts.gov/judges.    (*See section 3 - Consequences of Electronic Case Filing*).

## 13.23    Are transcripts filed electronically?

Pursuant to the Judicial Conference of the United States Policy on Privacy and Public Access to Electronic Case Files, official transcripts of Court proceedings taken by official court reporters, contract court reporters and transcribers may be available electronically through the PACER electronic public access service.

SDNY ELECTRONIC CASE FILING RULES

### 13.24   In Consolidated and MDL cases can I file simultaneously in member cases?

Yes.    When filing in Consolidated and Multi-District Litigation (MDL) cases you can save time by electronically filing a document simultaneously in the member case(s) using the computer function titled "Spread Text and Effects" (not available in related cases).    Please observe the following MDL filing rules:

- In consolidated and MDL cases you must file all documents first under the Lead or MDL case number.
- You then may precisely designate the member case(s) in which you wish to simultaneously file.
- Do not file in all cases unless it is appropriate.    Your document may not relate to all member cases.
- The case caption must include all the case numbers in which your document will be filed.

### 13.25   How to file when the assigned judge is no longer on the bench.

If it is necessary to file in a closed case that is assigned to a judge who is no longer on the bench (due to elevation to another court, retirement, or death) a courtesy copy should be provided to the Clerk of Court. This will assist the court in swiftly reassigning the matter to a sitting judge.

### 13.26   What if I make a mistake in electronic filing?

In a pending case, immediately refile the document in correct form on the ECF system.    Then send an email to the Court's Quality Assurance Unit (ECF_error@nysd.uscourts.gov).    The email must include the case number, case title, judge's name, the document number and name/title of the document that was incorrectly filed as well as the document number and name/title of the document that was the correctly filed.

In a newly filed case awaiting assignment of a judge, wait for a response from the case opening unit.    Other questions may be directed to the ECF Help Desk at helpdesk@nysd.uscourts.gov.

For information regarding the filing of sensitive or confidential information in error, see section 21.

### 13.27   Must a fully executed Consent to Proceed Before a Magistrate Judge form be electronically filed?

Yes.    A fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form (AO-85), filed pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, must be electronically filed using the ECF Filing Event "PROPOSED CONSENT TO JURISDICTION BY US MAGISTRATE JUDGE."

A fully executed Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge form (AO-85A) must also be electronically filed using the ECF Filing Event "PROPOSED CONSENT TO MAGISTRATE JUDGE DISPOSITION OF MOTION."

Consent forms must be retained by counsel until the signatures of all parties, or their counsel, are obtained before filing.    Forms that do not include the signatures of all parties must not be transmitted to the court.

SDNY ELECTRONIC CASE FILING RULES

Forms may be signed in counterpart fashion, provided all signed forms are attached in a single filing.    (See Section 8 - Signatures)    The form is available at https://nysd.uscourts.gov/forms.

Pro se litigants who are not Filing Users are exempt from that portion of this Rule that requires electronic filing and shall deliver documents to the Clerk's Office in paper form.

### 13.28    How can I obtain a signed subpoena form in a criminal case?

In a criminal case, an attorney may submit a request for a subpoena through the court's ECF system. In response, the system will automatically generate a signed subpoena.    The subpoena will include the court seal superimposed over the signature of the Clerk of Court but will otherwise be blank in accordance with Federal Rule of Criminal Procedure 17(a).

    Step 1: Click on the Criminal tab / Criminal Subpoena Forms / Signed Subpoena Forms;
    Step 2: Download a blank subpoena form in fillable PDF format;
    Step 3: Fill in the blanks and print.

Blank subpoena forms may be requested only when required for use in a pending case. Blank subpoena forms shall not be saved for use in future cases.    A request for a subpoena(s) must be submitted for each new case.    All forms are subject to change, and a new request will generate the most current version of the subpoena form.    The request does not require a case number to be entered in ECF and no evidence of the request will appear on the public docket.    Attorneys may continue to obtain signed paper criminal subpoena forms at the Finance intake window in the Clerk's Office.

*Pro se* litigants must submit any request for a subpoena to the Clerk's Office in paper form.

### Section 14. Opening a Civil Action

### 14.1    Must new civil and miscellaneous cases be electronically filed on the ECF system?

Yes.    Attorneys seeking to commence a new civil or miscellaneous case are required to electronically file the new case on the Court's ECF system.    With the exception of certain cases listed below, the Clerk's Office will not accept new civil or miscellaneous cases filed in paper form.

Any party unable to electronically file must seek permission of the court to file in the traditional manner, on paper.    Any such request made after business hours may be submitted through the night depository box maintained pursuant to Local Civil Rule 1.1.

*Pro se* litigants are exempt from that portion of this Rule that requires the party to file electronically.

### 14.2    Are there new cases that must not be electronically filed on the ECF system?

Yes.    The cases listed below must not be initiated electronically and must be submitted in the traditional

SDNY ELECTRONIC CASE FILING RULES

manner, on paper, using the court's depository box located in the lobby of the U.S. Courthouse at 500 Pearl Street, New York, NY, or the U.S. Courthouse at 300 Quarropas Street, White Plains, NY:

- Cases sought to be filed under seal (follow the procedures found in ECF Rule 6.14 and 6.15);
- False Claims Act cases (*Qui Tam* or "whistleblower" cases) filed pursuant to 31 U.S.C. §3729, et seq.

*Pro se* litigants without electronic filing privileges are exempt from that portion of this Rule that requires the party to file electronically or email documents to the Clerk's Office.   For information on electronic filing by *pro se* parties, see Appendix C.

### 14.3    How do I electronically file a new civil or miscellaneous case on the ECF system?

Directions for electronically filing a new civil or miscellaneous case may be found at https://www.nysd.uscourts.gov/electronic-case-filing.

### 14.4    Are summonses issued electronically?

Yes.   After electronically filing a new case, a party must electronically file a REQUEST FOR ISSUANCE OF SUMMONSES and attach proposed summonses in PDF format to the filing.   The Clerk's Office will review the REQUEST and use the ECF system to issue summonses suitable for printing.   Summons forms are available at https://nysd.uscourts.gov/forms.

### 14.5    How do I select the proper courthouse when filing a new civil case?

The Southern District of New York maintains courthouses in both Manhattan and White Plains.   When selecting a courthouse for assignment of a new civil action, counsel are required to expressly certify that their choice complies with the court's Rules for the Division of Business Among District Judges.   Civil cases, other than cases removed from state court and bankruptcy appeals, are assigned in accordance with Rule 18.   Cases removed from a state court and bankruptcy appeals are assigned in accordance with Rule 20.

Counsel are advised to consider these rules and the facts of their case to avoid making an incorrect or unsupported certification to the court.

### 14.6    Are courtesy copies required?

Consult the judge's Individual Practices to determine if courtesy copies should be submitted to chambers.

### 14.7    Can a Motion to Appear *Pro Hac Vice* and a new civil or miscellaneous case be electronically filed simultaneously?

Yes.   An attorney who is not admitted to the bar of this court who seeks to file a new civil or miscellaneous case may apply for electronic filing (ECF) privileges at www.pacer.gov, enabling the electronic filing of a Motion to Appear *Pro Hac Vice* and the case initiating documents.

SDNY ELECTRONIC CASE FILING RULES

**14.8    Can the summons and complaint be served through ECF?**

No.    The summons and complaint must be served in accordance with Federal Rule of Civil Procedure 4.

**14.9    How is proof of service for the case initiating document filed?**

Electronically file the proof of service for the case initiating document on the ECF. *(See section 7 – Retention Requirements)*.

*Pro se* litigants who have been granted *in forma pauperis* (IFP) status are exempt from this Rule.    *Pro se* litigants who have not been granted IFP status shall submit proof of service with summons attached to the Clerk's Office.    *(See section 19 - Service of Electronically Filed Documents)*.

**14.10    How is a 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence Filed?**

A Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255, must be electronically filed in the criminal case.    The Clerk's Office will open the associated civil case.    Attorneys do not have to deliver a paper copy or PDF version of the motion to the court.    All subsequent filings related to the motion must be made in the criminal case, not the civil case.

**14.11    What if I make a mistake electronically filing a new case?**

New civil and miscellaneous cases filed electronically that contain the following deficiencies may be administratively closed without prejudice and summons may not be issued unless the deficiency is corrected within five (5) days of electronic transmission by the Clerk of a Notice of Deficient Filing:

- The case initiating document contains the wrong document; an illegible or unreadable document; or no document at all; or
- The filing fee due was not paid, either in whole or in part.

Where a case is administratively closed for one of the reasons above, a filing party may seek to reopen the case after any deficiency is cured.    Within 60 days after the case closing a party should file a Notice of Application to Reopen Case, describing the efforts to cure the deficiency and seeking to reopen the case. Applications to reopen such administratively closed cases filed after 60 days of closing must proceed by motion.    Questions regarding other errors may be directed to the ECF Help Desk at helpdesk@nysd.uscourts.gov during business hours.

**14.12    What if I make a duplicate payment when electronically filing a new case?**

You may request a refund of a duplicate payment by sending a letter to the Clerk of Court.    The letter should include the case number, date of payment, the document associated with the payment, the pay.gov receipt number(s) and an email address where you can be reached.    Do not contact your credit card company to request a refund.

SDNY ELECTRONIC CASE FILING RULES

<u>Section 15. Amended Pleadings and Motions</u>

**15.1    Are amended pleadings filed electronically?**

Yes.    After a case is opened in accordance with section 14 of these Rules, all subsequent amended complaints, intervenor complaints, third party complaints, etc. must be filed electronically on the ECF system.    If an order of the court is required to file the amended pleading, the signed order must be attached to the filing as an exhibit.    When filing, select only those parties the amended pleading is filed against.    Filers should review the judge's Individual Practices to determine if courtesy copies are necessary.

**15.2    How are summonses issued when electronically filing an amended pleading?**

If a summons is required for an amended pleading, the summons should be requested by electronically filing a REQUEST FOR ISSUANCE OF SUMMONS and attaching a proposed summons in PDF/A format. Where multiple parties are added, a rider may be attached to a single summons listing all new parties.    In response, the Clerk's Office will electronically file a SUMMONS ISSUED event containing a summons with an electronic seal suitable for printing.    Summons forms are available at https://nysd.uscourts.gov/forms. A summons is not necessary when no party is added to a case.

**15.3    What ECF Filing Event should be used to file a motion?**

Use the ECF Filing Event beginning with the word "Motion".    The ECF system contains over 160 separate motion Filing Events, all beginning with the word "Motion".    See the ECF Docketing Events List for a complete list of motions and supporting documents.    Do not use the "NOTICE" filing event to file a motion.

**15.4    What ECF Filing Event should be used to file supporting papers?**

Use the ECF Filing Events for supporting papers found in the category "Replies, Opposition and Supporting Documents".    Do not use the ECF Filing Event for Motion to file supporting papers.    For example, a motion, an affidavit in support and a memorandum of law in support constitute three separate filings. Labeling each as "Motion" is incorrect and would make it appear three motions were filed instead of one.

**15.5    How can I learn to electronically file amended pleadings and motions?**

Instructions and training information are available at https://www.nysd.uscourts.gov/electronic-case-filing.

<u>Section 16. Judgments</u>

**16.1    How do I obtain a Clerk's Certificate of Default before seeking a Default Judgment?**

A Clerk's Certificate of Default, required before seeking a default judgment, is obtained by:

SDNY ELECTRONIC CASE FILING RULES

(a) Electronically filing a PROPOSED CLERK'S CERTIFICATE OF DEFAULT (form available at https://www.nysd.uscourts.gov/forms, and
(b) Electronically filing an AFFIDAVIT or DECLARATION in support of the request.

The Clerk's Office will review the request and, where appropriate, electronically file a signed Clerk's Certificate of Default on the ECF system.    After the Clerk's Certificate of Default is entered on the docket, you may then seek a Default Judgment.    For a Default Judgment pursuant to Rule 55 (b)(1), please see ECF Rule 16.4 below.    For a Default Judgment pursuant to Federal Rule of Civil Procedure Rule 55 (b)(2), consult the Individual Practices of the assigned judge to determine the appropriate method (at https://www.nysd.uscourts.gov/judges).    If the judge's Individual Practices contain no specific rules regarding Default Judgments, follow ECF Rule 16.4 below.

## 16.2    Default Judgment brought by Motion

(a) After the Clerk's Office enters a signed Clerk's Certificate of Default on the docket, you may electronically file a MOTION FOR DEFAULT JUDGMENT on the ECF system.
(b) Electronically file the following documents as separate ECF Filing Events: (1) AFFIDAVIT or DECLARATION IN SUPPORT OF MOTION (include as attachments copies of the case initiating document and the proof of service); (2) STATEMENT OF DAMAGES (unless requesting an inquest); and (3) a PROPOSED DEFAULT JUDGMENT using the Filing Event found under PROPOSED ORDERS.
(c) Electronically file proof of service for the Motion for Default Judgment.

## 16.3    Default Judgment brought by Order to Show Cause (O.S.C.)

(a) After the Clerk's Office enters a signed Clerk's Certificate of Default on the docket (see Rule 16.1) you may electronically file a PROPOSED ORDER TO SHOW CAUSE WITHOUT EMERGENCY RELIEF using the Filing Event found under PROPOSED ORDERS.
(b) Electronically file the following documents as separate ECF Filing Events (1) the AFFIDAVIT or DECLARATION in Support (attach copies of the case initiating document and the proof of service); (2) a STATEMENT OF DAMAGES (unless requesting an inquest); and (3) a PROPOSED DEFAULT JUDGMENT using the Filing Event found under PROPOSED ORDERS.
(c) Electronically file proof of service for the signed O.S.C.

## 16.4    Default Judgment

Where a judge's Individual Practices contain no specific rules regarding default judgments you may proceed by directly seeking a default judgment.

(a) After the Clerk's Office enters a signed Clerk's Certificate of Default on the docket (see Rule 16.1) you may electronically file a PROPOSED DEFAULT JUDGMENT using the Filing Event found under PROPOSED ORDERS.
(b) Electronically file the following as separate ECF Filing Events (1) the AFFIDAVIT or DECLARATION in Support (attach copies of the case initiating document and the proof of service); and (2) a STATEMENT OF DAMAGES (unless requesting an inquest).

SDNY ELECTRONIC CASE FILING RULES

**16.5    How do I file a Satisfaction of Judgment?**

Electronically file a PROPOSED SATISFACTION OF JUDGMENT on the ECF system (form available at https://www.nysd.uscourts.gov/forms).

**16.6    How do I request an Abstract of Judgment?**

Electronically file a PROPOSED ABSTRACT OF JUDGMENT on the ECF system (form available at https://www.nysd.uscourts.gov/forms).    A filing fee is required and must be paid on-line during this filing. The Clerk's Office will review the request and, where appropriate, issue an Abstract of Judgment.

**16.7    How do I register a judgment from this district in another district court?**

Open a new miscellaneous case on the ECF system and electronically file a PROPOSED CERTIFICATION OF JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT (form AO-451).    Select Nature of Case M-18-302, and use the form, available at https://www.nysd.uscourts.gov/forms.    A filing fee is required and must be paid on-line during this filing.    The Clerk's Office will review the request and, where appropriate, issue a Clerk's Certification of a Judgment to be Registered in Another District.

## Section 17. Appeals

**17.1    How do I file a Notice of Appeal in a civil or miscellaneous case?**

In civil and miscellaneous cases Filing Users must electronically file any Notice of Appeal through the ECF system.    The fee is paid on-line through the ECF system.    Instructions and training are available at https://www.nysd.uscourts.gov/electronic-case-filing.

*Pro se* litigants who are not Filing Users are exempt from that portion of this Rule that requires litigants to electronically file the Notice of Appeal.    The Clerk's Office will scan and electronically file all proper appellate papers received from *pro se* litigants who are not Filing Users.

**17.2    How do I file a Notice of Appeal in a criminal case?**

A Notice of Appeal in a criminal case must be filed in the traditional manner on paper either at the courthouse or by mail.    Include the filing fee if necessary.

SDNY ELECTRONIC CASE FILING RULES

## Section 18. Non-Electronic Documents

**18.1    In an ECF case, are there documents that should not be electronically filed?**

Yes.    The documents listed below must not be filed electronically and must be submitted in the traditional manner, on paper.    These documents may be filed in the Clerk's Office at the U.S. Courthouse at 500 Pearl Street, New York, NY, or the U.S. Courthouse at 300 Quarropas Street, White Plains, NY.    Documents may also be filed after regular business hours by placing them in the court's depository box located in the lobby of the U.S. Courthouse at 500 Pearl Street, New York, NY.    (See Local Civil Rule 1.2.)

- Sealed documents in criminal cases;
- Sealed documents in civil cases directed to judges who don't permit electronic filing under seal;
- Writ of Execution, see below;
- Surety bonds, see below;
- Proposed orders in criminal cases, see below; and
- Notices of Appeal in criminal cases, see section 17;

**18.2    Is a Writ of Execution filed electronically?**

No.    A WRIT OF EXECUTION must be submitted to the Clerk's Office in paper form and include an original signature from the attorney.    The Writ may be mailed to the Orders and Judgments Clerk with a stamped, self-addressed return envelope, or hand delivered.    The Writ of Execution form is available at https://nysd.uscourts.gov/forms.

**18.3    Are proposed orders in criminal cases filed electronically?**

No.    In criminal cases, proposed orders must not be filed electronically but should be submitted to chambers directly, outside of the ECF system.

**18.4    Are surety bonds filed electronically?**

No. Surety bonds are filed in the traditional manner on paper.    Include a copy of the Court's Order regarding the bond.

## Section 19. Service of Electronically Filed Documents

**19.1    How is service accomplished for publicly accessible documents?**

Filing and Receiving Users who have appeared in the case will receive a Notice of Electronic Filing (NEF) by e-mail whenever there is case activity.    The NEF constitutes service upon all Filing and Receiving Users only for those documents that are publicly accessible and viewable through ECF.    The NEF does not constitute service for sealed documents filed electronically (see below).

Cited in Gonzalez v. Lander
1-26-cv-00692 decided 1/28/26
Archived on 2/04/26
This document is protected by copyright.
Further reproduction prohibited without permission.

SDNY ELECTRONIC CASE FILING RULES

A hyperlink to a PDF image of a publicly accessible document will be included in the NEF (not all activity includes a PDF document).    The Clerk's Office will no longer mail paper copies of court-initiated documents that are publicly accessible on ECF to Filing and Receiving Users.    The Clerk's Office will mail copies of all court-initiated documents to *pro se* parties who have not registered as Filing or Receiving Users.    (*See section 9 - Service of Documents by Electronic Means*).

## 19.2    How is service accomplished for sealed documents?

Sealed documents filed electronically through the ECF system will not be accessible or viewable through the ECF or PACER systems by non-court users.    Service must therefore be accomplished outside of ECF by other appropriate means as provided by the applicable Federal Rules of Procedure.    Service of filed documents outside the ECF system must always be followed by the filing of proof of service in the ECF system.    Sealed court orders will be served by first-class mail or other secure means approved by the issuing judge.

## 19.3    Am I required to electronically file proof of service in an ECF case?

Only two circumstances require the electronic filing of proof of service in an ECF case:

(a)  Proof of service for the case initiating document must be electronically filed on the ECF system, and

(b)  Proof of service must be electronically filed when service is accomplished outside of ECF by other means as provided by the applicable Federal Rules of Procedure.

*Pro se* parties who are not Filing Users are exempt from that portion of this Rule requiring proof of service to be filed electronically.    (*See section 9 - Service of Documents by Electronic Means*).

## 19.4    Does the filing receipt indicate who was served electronically?

Yes.    When an electronic filing is successful the final screen will display a Notice of Electronic Filing (NEF), or filing receipt.    The NEF indicates what was filed, by whom, when it was filed and if a document number was assigned on the docket sheet.

The NEF will also indicate who will receive notice of the filing "electronically" (by e-mail from the Court) and who must be provided notice "by other means" as provided by the applicable Federal Rules of Procedure.

If you do not see the NEF screen your filing may not have been successful, and you are advised to check the docket sheet.

## 19.5    Is a filing timely if it is completed before midnight?

Yes.    Filing must be completed before midnight local time where the Court is located in order to be considered timely filed that day.    (*See section 3 - Consequences of Electronic Case Filing*).

SDNY ELECTRONIC CASE FILING RULES

**19.6    Should I routinely view the docket sheet in my case?**

Yes.    Although service is accomplished in ECF cases by an e-mail sent by the Court, e-mail is not infallible and you risk missing an e-mail message.    It remains the duty of Filing and Receiving Users to maintain current contact information with the court and PACER and to review regularly the docket sheet of the case. Filing Users are obligated to immediately bring to the attention of the court any unauthorized filings.    (*See section 9 - Service of Documents by Electronic Means*).

**Section 20. Attorney Appearances**

**20.1    How does an attorney's name appear on the docket sheet?**

When a new civil case is electronically filed on the ECF system, the name of the filing attorney will appear on the docket sheet as attorney of record.    Any co-counsel wishing to appear must electronically file a Notice of Appearance.

If the new civil case is one that must be filed in hard copy form (see Rule 14.2), the Clerk's Office will open the case on the ECF system and add the name of each attorney that appears below the signature line of the case-initiating document.

In a pending case, an attorney may use his or her ECF account to electronically file a Notice of Appearance on his or her own behalf but not on behalf of another attorney.

An attorney responding to a filing must add his or her own name to the docket sheet the first time he or she appears in the case.    When electronically filing the first document, the responding attorney must: (a) click to create an "Association" with the client (i.e., represent the client); (b) ensure the "Notice" box is checked to receive electronic notice of case activity; and (c) click the "Lead" attorney box if applicable.

**20.2    If the attorney's name is on the docket sheet why doesn't the attorney receive e-mail notification of filings?**

It could be because the attorney's name was added to the docket sheet before the attorney obtained electronic filing (ECF) privileges from this court.    In that case the attorney's name and firm address will appear at the top of the docket sheet, but the e-mail address will be missing.    If this is the case the solution is to obtain electronic filing (ECF) privileges at https://www.pacer.gov.    Or it could be because the attorney filed a Notice of Appearance but failed to check the "Notice" box when creating an association with the client.    In this case, contact the ECF Help Desk at helpdesk@nysd.uscourts.gov, or call (212) 805-0136 during business hours.    (*See section 24 - ECF Help Desk and Training*).

**20.3    How do I file a Notice of Appearance in an ECF case?**

An attorney who joins a case already in progress must electronically file a Notice of Appearance.    When electronically filing the Notice of Appearance, the attorney must: (a) click to create an "Association" with

SDNY ELECTRONIC CASE FILING RULES

the client (i.e., represent the client); (b) ensure the "Notice" box is checked to receive electronic notice of case activity; and (c) click the "Lead" attorney box if applicable.   Please note the ECF system will not allow an attorney to file electronically a Notice of Appearance on behalf of another attorney.   The Notice of Appearance and the ECF account used for filing must belong to the same attorney.   If appearing as pro bono counsel, select the NOTICE OF APPEARANCE OF PRO BONO COUNSEL Filing Event.   (*See section 2 – Eligibility and Registration*).

### 20.4    How do I file a Motion to Appear *Pro Hac Vice* in an ECF case?

To file a Motion for Admission *Pro Hac Vice* on your own behalf you must:

(a)  At www.pacer.gov, apply for *pro hac vice* electronic filing privileges; and
(b)  on the S.D.N.Y. ECF system, electronically file a Motion to Appear *Pro Hac Vice* in the appropriate case and pay the required fee.    A sponsoring attorney is not required.

When a sponsoring attorney moves (files) a *Pro Hac Vice* Motion on behalf of an attorney applicant, the sponsoring attorney must notify the attorney applicant when the order has been signed granting *Pro Hac Vice* motion. The attorney applicant must, upon granting of the order, immediately obtain a PACER account, pay the required fee and file a Notice of Appearance online through the court's ECF system.    A separate *Pro Hac Vice* Motion is required for each attorney applicant.

For complete *pro hac vice* instructions go to the Attorney tab of the court's website at https://nysd.uscourts.gov/attorney/prohac.

### 20.5    Must I seek formal admission to this court when my case is transferred as part of a Multidistrict Litigation (MDL) case?

No.   An attorney of record in an action transferred under 28 U.S.C. § 1407 may continue to represent his or her client in the district court to which such action is transferred. Parties are not required to obtain local counsel (Rules of Procedure of the U.S. Panel on Multidistrict Litigation, Section I, Rule 2.1(c)).

A CM/ECF account from this court will be required.    Apply for a CM/ECF account at pacer.gov by selecting the MDL option under the attorney admission/e-filing registration link on the Manage My Account page. Include the MDL number.    No fee will be required.

### 20.6    Am I required to notify the Court and PACER when my contact information changes?

Yes.   To ensure communications from the court reach all parties, filing parties are required to notify the court and PACER of any changes in contact information.    Attorneys must file a Notice of Change of Address in every pending case (Local Rule 1.3l).    For more information go to https://www.nysd.uscourts.gov.

A *pro se* party must notify the court of any changes in contact information, whether or not the party is a Filing or Receiving User, by submitting a Notice of Change of Address for *Pro Se* Litigants form.

SDNY ELECTRONIC CASE FILING RULES

**20.7    Can I specify additional e-mail addresses to receive notification of activity in my cases?**

Yes. You can add alternate e-mail addresses in the ECF system in Utilities/Maintain Your Account/E-mail Information.

**20.8    Can I receive electronic notification of activity in cases where I do not represent a party?**

Yes.   You can add a case to your e-mail notification list on the ECF system even if you don't represent a party to the case.    Click on Utilities, Maintain Your Account, and E-mail Information.

**20.9    How do I obtain a Certificate of Good Standing?**

A Certificate of Good Standing from this court must be requested through the court's ECF system.      See instructions at https://nysd.uscourts.gov/forms/certificate-good-standing-wall-certificate.

**20.10    How do I obtain a Statement of Discipline?**

A Statement of Discipline must be requested through the court's ECF system.    See instructions at https://nysd.uscourts.gov/attorney/admission.

**20.11    Where can I learn more about resignation from the S.D.N.Y. bar?**

Information concerning resignation from the S.D.N.Y. bar may be found at https://nysd.uscourts.gov/attorney/admission.

<u>Section 21. Privacy and Public Access to ECF Cases</u>

**21.1    Has electronic filing expanded public access to documents?**

Yes, documents filed electronically on the ECF system are more widely available than ever before. Electronic documents can now be viewed over the Internet by anyone with a PACER account.    In order to protect people's privacy and reduce the threat of identity theft, parties should be cautious when filing sensitive information.

**21.2    Who is responsible for redacting sensitive information from filed documents?**

It is the sole responsibility of counsel and the parties to be sure that all documents comply with the rules of this Court requiring redaction of personal identifiers.    Neither the judge nor the Clerk of Court will review documents for compliance with these rules.

**21.3    Am I required to redact certain sensitive information in a document?**

Yes.    Amendments to Federal Rule of Civil Procedure 5.2 and Criminal Procedure 49.1 require that

Cited in zzdzeidize Ladeon
Pub. 50 0063 Decided /28/26
Archived on 04/4/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

SDNY ELECTRONIC CASE FILING RULES

personal identification information be redacted from documents filed with the Court. You should not include sensitive information in any document filed with the Court unless such inclusion is necessary and relevant to the case.    A party wishing to file a document containing the personal data identifiers listed below must file a redacted version in the public file:

In all cases:

- Social Security Numbers:    include only the last four digits of the number.
- Names of Minor Children:    include only the initials of the child.
- Dates of Birth:    include only the year.
- Financial Account #'s:    include only the last four digits of these numbers.

In criminal cases:

- Home Addresses:    include only the City and State.

### 21.4    Is there other sensitive information that I should consider redacting?

Yes.    Caution should be exercised when filing documents that contain the following:

- Personal identifying numbers (PIN #'s), such as a driver's license number
- Medical records, treatment, and diagnosis
- Employment history
- Individual financial information
- Proprietary or trade secret information
- Information regarding an individual's cooperation with the government

### 21.5    Am I required to file sensitive information under seal?

No.    In addition to the redacted public filing a party may, but is not required to, file the personal data identifiers listed above by filing under seal.    You may file under seal either: (a) a reference list or (b) an original, unredacted version of the document.

If you find it necessary to file sensitive information, the Court prefers a reference list to the filing of a complete document.    The reference list shall contain the complete personal data identifier(s) and the redacted identifier(s) used in its (their) place in the filing.    The reference list may be amended as of right.

### 21.6    Who should maintain custody of original unredacted documents?

Parties are responsible for maintaining possession of original, unredacted documents, and information redacted from publicly accessible documents.    The Court may later require counsel to furnish the unredacted information.

### 21.7    What if I mistakenly file sensitive or confidential information?

(a)    Contact the ECF Help Desk via email at helpdesk@nysd.uscourts.gov.    The subject line should include the words "EMERGENCY SEALING REQUEST".    The filing will be temporarily sealed and

SDNY ELECTRONIC CASE FILING RULES

made inaccessible to PACER users.    The suggested hours for the electronic filing of sealed documents are 8:30 AM – 4:00 PM, Monday through Friday, excluding holidays, when court staff are available to assist with any difficulties you may encounter.    If the request for assistance is received after business hours, it will be addressed the next business day.

(b) After notifying the ECF Help Desk, the filing party must ask the presiding judge, in writing, for the filing to be formally sealed by the Court.

(c) Electronically file a redacted version of the mistaken filing.

### Section 22. Electronic Filing (ECF) Privileges

**22.1    To file electronically do I need electronic filing (ECF) privileges for the United States District Court for the Southern District of New York?**

Yes.    To file electronically in this court, you must have electronic filing (ECF) privileges issued by the U.S. District Court for the Southern District of New York. ECF accounts are available to attorneys in good standing and *pro se* parties granted permission to file electronically.    To obtain electronic filing (ECF) privileges go to https://www.pacer.gov/.    Protect the security of your password. *(See section 2).*

**22.2    How do I obtain electronic filing (ECF) privileges if I am already admitted to the bar of this Court?**

An attorney admitted to the bar of this court may register for electronic filing (ECF) privileges ("E-File Registration Only") at https://www.pacer.gov/.

**22.3    How do I gain admission to the bar of this court and obtain electronic filing (ECF) privileges?**

The application to be admitted to the bar of this Court includes a request for electronic filing (ECF) privileges.    Go to https://www.pacer.gov/.

### Section 23. ECF Computer System Information

**23.1    What Internet browser should I use to file electronically on the ECF system?**

Each new version of ECF is tested with specific Internet browsers before release.    Check the ECF log-in page for a list of approved Internet browsers.

**23.2    What is a PDF-A file and how do I create one?**

All documents electronically filed on the ECF system must be in PDF-A format (portable document format). A PDF-A file is created using PDF writer software such as Adobe Acrobat (go to https://www.adobe.com/ for details).    PDF-A files cannot be altered and provide archiving and security features to the filer and the Court.

SDNY ELECTRONIC CASE FILING RULES

**23.3    Must documents filed by parties on ECF be in text searchable format?**

Yes.    Documents filed by parties on the ECF system must be in text searchable format.    The filing of exhibits in text searchable format is encouraged but not required.    Best results are obtained by converting documents directly from word processor format to PDF-A format.

**23.4    Is there a limit to the size of a document that can be filed on ECF?**

Yes.    No single PDF file may be larger than 15.0 megabytes (15.0 mb).    If the filing is too large, the ECF system will not allow it to be filed, and you will not see a Notice of Electronic Filing (NEF or filing receipt) screen.    To determine the size of an Adobe Acrobat PDF file, click on File, Document Properties, Summary.

**23.5    What if my document exceeds the file size limit?**

Converting documents directly from a word processor to PDF-A format creates the smallest possible file in terms of computer memory.    If that is not possible, scan your document at low resolution.    Within the Adobe Acrobat program, on the "Scan Manager" screen, adjust the settings for black and white and 200 dpi (dots per inch).    This allows more pages to fit into a single PDF-A file.    If that does not work, separate an oversized file into 2 or more parts.    Simply label each file 1a, 1b, 1c, etc.    Only relevant excerpts of exhibits should be electronically filed.    (*See section 5 - Attachments and Exhibits*).

**23.6    What if a technical failure prevents me from filing electronically?**

If a technical failure prevents you from filing electronically, follow the steps below:

(a)    Do not attempt to file paper documents in ECF cases.
(b)    If the Court's ECF system is out of order, electronically file as soon as the system is restored.
(c)    If you missed a filing deadline when the ECF system was out of order, attach a statement to your filing explaining how the interruption in service prevented you from filing in a timely fashion.    (*See section 11 - Technical Failures*)

### Section 24. ECF Help Desk & Training

**24.1    How can I learn how to file electronically?**

The Court offers several options for ECF training.    Details are available on the ECF page at https://nysd.uscourts.gov/electronic-case-filing

(a)    In-person training classes.
(b)    Step by step filing instructions can be found online in the course materials for our in-person training.    From the ECF page click on Training.    Then click on Instructor Led Training and click on the course title.
(c)    A web-based tutorial for electronic filing is also available.

SDNY ELECTRONIC CASE FILING RULES

**24.2     Whom should I contact for assistance with my PACER/ECF account?**

For assistance with a log-in or password issue, contact the PACER service center at pacer@psc.uscourts.gov, or by calling (800) 676-6856.

**24.3     How do I contact the court's ECF Help Desk?**

The court's ECF Help Desk is available via email at helpdesk@nysd.uscourts.gov, Monday through Friday during business hours.

_____

Cited in Grdzelidze v Ladeon
1-26cv00692 Decided 1/28/26
Archived on 2/4/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

SDNY ELECTRONIC CASE FILING RULES

## Appendix A1 - Sample Order to File Civil Case Under Seal

*In accordance with ECF Rule 6.14, use the text found in the proposed form order below when seeking to file a new civil case <u>entirely</u> under seal, in paper form.   All subsequent filings must be submitted in paper form until further order of the court.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

*Insert plaintiff's name,*

           Plaintiff                               *Insert Miscellaneous Case Number*

          -against-                           ORDER TO FILE
                                            CIVIL CASE UNDER SEAL

*Insert defendant's name,*

           Defendant
_____

Plaintiff, having moved to file a new civil case under seal in the traditional manner, in paper form, and the Court having reviewed the application and having found sufficient cause under Federal Rule of Civil Procedure 5.2(d) to order this case to be filed under seal, it is hereby

ORDERED this case may be filed under seal.   The parties are directed to proceed in accordance with the instructions for filing under seal found in the court's ECF Rules, Rule 6.14, and present the case initiating documents to the Clerk of Court in the traditional manner, in paper form.

The Clerk is directed to restrict access to this order and close this case.

Dated:
    New York, New York

                                      SO ORDERED:

                                    _____
                                           U.S.D.J.

Cited in Grdzelidze v Ladeon 1:26-cv-00692 Decided 1/28/26 Archived on 2/4/26 This document is protected by copyright. Further reproduction is prohibited without permission.

SDNY ELECTRONIC CASE FILING RULES

## Appendix A2 - Sample Order to File Redacted Complaint

*In accordance with ECF Rule 6.15, use the text found in the proposed form order below when seeking to file a redacted complaint in a case available in public view on ECF.    Subsequent filings may be submitted electronically through the ECF system.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Insert plaintiff's name,

        Plaintiff               *Insert Miscellaneous Case Number*

      -against-                ORDER TO FILE
                          REDACTED COMPLAINT

Insert defendant's name,

        Defendant

Plaintiff, having moved to file a new civil case with a redacted complaint and the Court having reviewed the application and having found sufficient cause under Federal Rule of Civil Procedure 5.2(d) to order this case to be filed with a redacted complaint in a case available in public view on the court's ECF system and an unredacted complaint filed under seal in the traditional manner, in paper form, it is hereby

ORDERED this case may be filed with a redacted complaint in a case available in public view on the court's ECF system and an unredacted complaint filed under seal in the traditional manner, in paper form.   The parties are directed to proceed in accordance with the instructions for filing under seal found in the court's ECF Rules, Rule 6.15, and present the case initiating documents to the Clerk of Court in the traditional manner, in paper form.

The Clerk is directed to restrict access to this order and close this case.

Dated:
      New York, New York             SO ORDERED:

                                     _____

Citation Gratzelidze v Ladeon 1:26-cv-00692 Decided 1/28/26 Archived on 2/4/26 This document is protected by copyright. Further reproduction is prohibited without permission.

SDNY ELECTRONIC CASE FILING RULES

## Appendix B - Electronic Criminal Applications

### A.  Scope

In accordance with Standing Order 23-MC-213 ("the Standing Order"), those criminal applications identified below as "Electronic Criminal Applications" must be submitted to the court in electronic form through a system approved by the Clerk of Court:

1.    Applications for Orders issued pursuant to the Stored Communications Act, 18 U.S.C. § 2703(d); and

2.    Applications for Pen Registers and Trap and Trace devices issued pursuant to 18 U.S.C. § 3121, *et seq*.

### B.  Commencement of an Electronic Criminal Application

Electronic Criminal Applications must be submitted to the court in electronic form through a system approved by the Clerk of Court.    The Application will be filed in a new Magistrate case on the court's ECF system.    The docket report will be publicly accessible through the Public Access to Court Electronic Records ("PACER") system.    Documents associated with Electronic Criminal Applications will not be filed on the ECF system.    The docket number must appear on each document filed in the case.

Upon request by a Participating Filer, the Clerk's Office will provide one or more paper copies of a signed order bearing the raised seal of the court.

### C.  Denial of an Electronic Criminal Application

If an Electronic Criminal Application is denied, an order so stating will issue.    The Participating Filer will be notified of the order through a Notice of Electronic Filing from the ECF System.    Those Electronic Criminal Applications that are denied will remain under seal.

### D.  Extension Requests

Any request for an extension, continuance, or postponement must be submitted under the same docket number as the Electronic Criminal Application to which it relates.

### E.  Exceptions

When the USAO believes that an Electronic Criminal Application, or any document associated with an Electronic Criminal Application, may be a Highly Sensitive Document (as that term is defined in the court's Standing Order regarding Highly Sensitive Documents (21-MC-00006)), the USAO must submit a motion for leave to file in paper form.    Such filing shall be made in accordance with the procedures found in the court's Standing Order regarding Highly Sensitive Documents (21-MC-00006).

SDNY ELECTRONIC CASE FILING RULES

# Appendix C – Pro Se Filing by Email

The United States District Court for the Southern District of New York will accept filings via email from pro se parties without electronic filing privileges subject to the procedures, limitations and payment guidelines set out below.   Pro se parties who are unable to send documents by email may continue to submit documents in-person, by regular mail, or after business hours through the depository box located in the lobby of the U.S. Courthouse at 500 Pearl Street, New York, NY.

**Procedures for Emailing Pro Se Documents for Filing**

- Documents submitted electronically must be in PDF format, no larger than 15 megabytes;
- Documents to be filed may be emailed to prose@nysd.uscourts.gov;
- Documents to be filed must be attached to the email;
- Documents must be signed by the filing party by either

  a. signing by hand and then scanning the document;

  b. signing electronically using a digital signature; or

  c. by typing: "s/Filer's Name;"

- The email and attached documents must contain the filer's name, address, and telephone number;
- For new cases, the subject line of the email must read "PRO SE FILING – NEW CASE;"
- For existing cases, the subject line of the email must read "PRO SE FILING – [case number];"
- A document submitted for filing by email does not have to be delivered to the court in hard copy form.

**Limitations**

- Pro Se filings emailed to any email address other than Pro_Se_Filing@nysd.uscourts.gov will be disregarded;
- This email address is solely for submitting attached PDF documents for filing;
- Any additional comments, questions, or other messages in the email will be disregarded;
- Any additional correspondence included in the email will be disregarded.

**Payment for New Cases**

- For new cases for which the filing fee is to be paid, payment must be sent separately by mail, within 21 days of filing, addressed to:

  Cashiers-Room 120
  US Courthouse
  500 Pearl Street
  New York, NY 10007

Effective February 2, 2026

Cited in Groendia v. Langor
1-26-cv00692-D Decided 1/28/26
Archived on 2/4/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

SDNY ELECTRONIC CASE FILING RULES

*Appendix C – continued*

- Payment must be by money order or certified check only, must include the case number and must be made payable to: Clerk, USDC, SDNY.
- Personal checks will not be accepted.
- A pro se party seeking to waive the filing fee for a new case must include an Application to Proceed Without Prepaying Fees or Costs (IFP Application) form;
- 72 hours after emailing (or 14 days after the mailing) of any newly filed case, pro se filers should call the Pro Se Intake Unit at 212-805-0175, to learn the case number and the name of the assigned judge.

## Sign-Up for Email Notifications

Pro Se parties without electronic filing privileges but with an email address are strongly encouraged to consent to receive electronic service of filings through notifications sent by email from the court's Electronic Case Filing (ECF) system.    Electronic service is faster than service by mail and is the same system used by attorneys.

Pro se litigants who wish to consent to receive electronic service must fill out the Consent to Electronic Service (for pro se cases) form.    You may disregard the instruction at the bottom of the form to return the form by mail and instead return the signed consent form by email, in PDF format, to:

prose@nysd.uscourts.gov

Pro se litigants who consent to receive electronic service of filings will no longer receive the same documents in paper form by mail.

If you consent to receiving electronic service, you will receive a Notice of Electronic Filing (NEF) by e-mail each time a document is filed in your case.    After receiving the NEF, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.    Once you click the hyperlink and access the document, you may not be able to access the document for free again.    After 15 days, the hyperlink will no longer provide free access.    Any time the hyperlink is accessed after the first "free look", or the first 15 days, you may be charged to view the document.    For this reason, you should print or save the document during the "free look" to avoid future charges.

## Questions

Questions may be directed to the Pro Se intake Unit at (212) 805-0175.